1  SHIVA SHIRAZI DAVOUDIAN, Bar No. 232771
   sdavoudian@littler.com
2  ALEXANDRA BERNSTEIN, Bar No. 327492
   abernstein@littler.com
3  LITTLER MENDELSON, P.C.
   2049 Century Park East
4  5th Floor
   Los Angeles, CA  90067.3107
5  Telephone: 310.553.0308
   Fax No.:   310.553.5583
6
7  Attorneys for Defendant
   UNITED PARCEL SERVICE, INC., erroneously
8  sued as "UPS, a corporate entity form unknown"

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11
   STEPHANIE GARCIA, an individual,     Case No.   5:20-cv-1640
12
              Plaintiff,               **DEFENDANT UNITED PARCEL**
13                                     **SERVICE, INC.'S NOTICE OF**
        v.                             **REMOVAL OF CIVIL ACTION TO**
14                                     **FEDERAL COURT ON THE BASIS**
   UPS,  a corporate entity form       **OF DIVERSITY JURISDICTION**
15 unknown, and DOES 1-50, inclusive,
                                       [28 U.S.C. §§ 1332, 1441, 1446]
16            Defendants.
17
18
19                                     Complaint Filed:  June 2, 2020
20                                     Riverside County Superior Court
21                                     Case No. RIC2001427
22
23
24
25
26
27
28

DEFENDANT'S NOTICE OF
REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFF STEPHANIE GARCIA AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant United Parcel Service, Inc. ("Defendant" or "UPS"), hereby removes the above-captioned action from Riverside County Superior Court in the State of California to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

**I.    STATEMENT OF JURISDICTION**

1.    This Court has original jurisdiction over this action under the diversity of citizenship statute.  28 U.S.C. § 1332(a).  In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.  As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice.

**II.    PLEADINGS, PROCESS, AND ORDERS**

2.    On June 2, 2020, Plaintiff Stephanie Garcia ("Plaintiff") filed a Complaint against Defendant in Riverside County Superior Court, captioned *Stephanie Garcia, an individual v. UPS, a corporate entity form unknown; and DOES 1-50, inclusive*, Case No. RIC20011427 (the "State Court Action").  The Complaint asserts the following causes of action: (1)  discrimination in violation of the Fair Employment and Housing Act, CAL. GOV'T CODE § 12940, *et seq.* ("FEHA"); (2) failure to accommodate in violation of the FEHA; (3) failure to engage in the interactive process in violation of the FEHA; (4) failure to prevent discrimination in violation of the FEHA; (5) retaliation in violation of the FEHA; (6) meal and rest break violations in violation of the California Labor Code; (7) failure to provide employment records in violation of California Labor Code § 1198.5 *et seq.*; and (8) unfair competition in violation of Business & Professions Code § 17200 *et seq.*

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT'S NOTICE OF REMOVAL

2.

3.      On July 16, 2020, Defendant was served with the following via personal service: Notice of Service of Process, Summons and partial Complaint, and Notice of Case Management Conference.  Declaration of Shiva Shirazi Davoudian ("Davoudian Decl.") ¶ 2 & Exh. A.

4.      On August 13, 2020, Defendant filed an Answer to Plaintiff's Complaint in Riverside County Superior Court.  Davoudian Decl. ¶ 4 & Exh. C. Pursuant to 28 U.S.C. § 1446(a), Exhibits A,  B, and C attached to the Declaration of Shiva Shirazi Davoudian constitute copies of all process, pleadings, and orders on file with the State Court or served upon Defendant in this action.  (Davoudian Decl. ¶¶ 5-6.)

5.      To Defendant's knowledge, no proceedings related hereto have been heard in the State Court Action and no other parties have been named or served with the Summons and Complaint in the State Court Action.  (*Id.* at ¶¶ 6-7.)

## III.    TIMELINESS OF REMOVAL

6.      Pursuant to 28 U.S.C. § 1446, a notice of removal of a civil action must be (1) filed within 30 days after the receipt by defendant, by service or otherwise, of the initial pleading setting forth the claim for relief, and (2) within one year after the commencement of the action.  28 U.S.C. § 1446(b) and (c); s*ee also Murphy Bros., Inc. v. Michette Pipe Stringing, Inc.,* 526 U.S. 344, 354 (1999) (30-day removal period runs from the date of service of summons and complaint).

7.      This Notice of Removal is timely filed as it is filed within thirty (30) days of July 16, 2020, the date that Defendant was served with the Summons and Complaint, and within one year from the commencement of the State Court Action.  *See* 28 U.S.C. § 1446(b).

## IV.    VENUE

8.      Venue lies in the Central District of California pursuant to 28 U.S.C. sections 84(c), 1441(a), and 1446(a).  Plaintiff originally brought the State Court Action in the Superior Court of the State of California, County of Riverside.  Pursuant to 28 U.S.C. § 84(c)(2), the appropriate assignment of the State Court Action is to the Eastern

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT'S NOTICE OF REMOVAL

3.

1    Division of this Court, located in Riverside.

2    **V.    DIVERSITY JURISDICTION**

3        9.    This Court has original jurisdiction of the State Court Action based on
4    diversity of citizenship pursuant to 28 U.S.C. § 1332(a).  Pursuant to 28 U.S.C. §§ 1441
5    and 1446, the State Court Action may be removed to this Court because it is a civil
6    action between citizens of different states and the amount in controversy exceeds
7    $75,000, exclusive of interests and costs, as set forth below.

8        **A.    Complete Diversity of Citizenship Exists**

9        10.    Plaintiff is a Citizen of California.  For diversity purposes, a person is a
10   "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries,*
11   *Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A person's domicile is the place he or she
12   resides with the intention to remain, or to which he or she intends to return.  *Kanter v.*
13   *Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Residence is *prima facie*
14   evidence of one's domicile. *Sadeh v. Safeco Ins. Co.*, No. CV 12-03117 SJO (PLAx),
15   2012 WL 10759737, at *2 (C.D. Cal. June 12, 2012); *Marroquin v. Wells Fargo, LLC*,
16   Civil No. 11cv163-L (BLM), 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011) (person's
17   residence is *prima facie* his domicile); *see also Lew v. Moss*, 797 F.2d 747, 751 (9th
18   Cir. 1986) (residency can create rebuttable presumption of domicile supporting
19   diversity of citizenship); *Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 WL
20   744709, at *7 (E.D. Cal. Mar. 18, 2008) (place of residence provides *prima facie* case
21   of domicile); *Chamness v. Stonebridge Life Ins. Co.*, No. CV 09-0780 AHM (JCx),
22   2009 WL 734137, at *2 (C.D. Cal. Mar. 18, 2009) (finding residency allegations in
23   complaint "sufficient" to support citizenship allegations in removal notice).

24       11.    Plaintiff is and was a citizen of the State of California at all relevant times.
25   Plaintiff's Complaint alleges that she "is, and at all times herein mentioned was, an
26   individual, residing in the State of California."  Compl. ¶ 1.  Plaintiff's personnel
27   records indicate that she resided in California during the entire period of employment
28   with UPS. *See* Declaration of Al Hijar ["Hijar Decl."] ¶ 3.  There are no indications in

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT'S NOTICE OF REMOVAL

4.

1   her personnel records that she ever intended to relocate outside of California, or that she
2   has done so. *Id*. Public records also indicate that Plaintiff currently resides in Menifee,
3   California.  *See* Davoudian Decl. ¶ 8, Exh. D.  Accordingly, Plaintiff is a citizen of
4   California for purposes of analyzing diversity jurisdiction.

5        12.   <u>Defendant is NOT a Citizen of California</u>.  It is well-settled that a
6   corporation shall be deemed a citizen of any State by which it has been **incorporated**
7   and of the State where it has its **principal place of business**.  28 U.S.C. § 1332(c)(1);
8   *United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 763 (9th Cir. 2002).

9        13.   To determine a corporation's "principal place of business," the Supreme
10   Court has held that courts should apply the "nerve center" test.  *Hertz Corp. v. Friend*,
11   559 U.S. 77, 92-93 (2010).  A corporation's "nerve center" is normally located where
12   the corporation maintains its corporate headquarters and where the "corporation's
13   officers direct, control, and coordinate the corporation's activities." *Id.*  In other words,
14   a corporation's "principal place of business" can be found where the corporation's
15   "brain" is located.  *Id.* at 95.

16        14.   Applying the above analysis, Defendant United Parcel Service, Inc. is  not
17   a citizen of California. Hijar Decl. ¶ 3.  UPS is a corporation formed under the laws of
18   Ohio. *Id.*  UPS's principal place of business, or "nerve center," is located in Atlanta,
19   Georgia. *Id.*  UPS's headquarters are located in Atlanta, Georgia, which is where its
20   officers direct, control, and coordinate the company's activities, and where its
21   executive, administrative, financial, and management functions are concentrated. *Id.*
22   Accordingly, Defendant United Parcel Service, Inc. is not a citizen of California, but
23   rather, is a citizen of the States of Ohio and Georgia for purposes of determining
24   diversity of citizenship.

25        15.   The presence of Doe defendants in this case has no bearing on diversity
26   with respect to removal.  *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil
27   action is removable on the basis of the jurisdiction under section 1332(a) of this title,
28   the citizenship of defendants sued under fictitious names shall be disregarded."); *see*

DEFENDANT'S NOTICE OF
REMOVAL

5.

1    *also see also Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690-91 (9th Cir. 1998),

2    *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1213 (9th Cir. 1980).

3         16.    Therefore, because Defendant is <u>not</u> a citizen of the forum State—

4    California—complete diversity exists for purposes of 28 U.S.C. § 1332.  *See Lincoln*

5    *Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

6         **B.    The Amount in Controversy Exceeds $75,000**

7         17.    To satisfy the $75,000 amount in controversy requirement, the removing

8    party must demonstrate by a preponderance of the evidence (*i.e.*, that it is more likely

9    than not) that the amount in controversy exceeds $75,000.  *Sanchez v. Monumental Life*

10   *Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

11        18.    In this instance, the Complaint unequivocally states that Plaintiff is seeking

12   damages in an amount "believed to be no less than three hundred thousand dollars."

13   Compl. ¶¶ 23, 38, 53 & Prayer for Relief ¶ 1.  Given Plaintiff's own allegation that she

14   seeks at least $300,000.00 in damages, there is no question that the amount in

15   controversy is satisfied.

16        19.    Even if the Complaint had not set forth a specific sum, "the notice of

17   removal may assert the amount in controversy," 28 U.S.C. § 1446(c)(2), and a removing

18   defendant "need include only a plausible allegation that the amount in controversy

19   exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co. v. Owens*,

20   574 U.S. 81, 89 (2014).  The *Dart Cherokee* Court explained that the removal statute

21   tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil

22   Procedure, and that "[a] statement 'short and plain' need not contain evidentiary

23   submissions."  *Id.* at 84, 87.

24        20.    The Ninth Circuit recently held that "the amount in controversy includes

25   all relief claimed at the time of removal to which the plaintiff would be entitled if she

26   prevails."  *Chavez v. JPMorgan Chase & Co*., 888 F.3d 413, 418 (9th Cir. 2018); *see*

27   *also Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993,

28   1001 (C.D. Cal. 2002).  If a complaint is silent as to the amount in controversy, a

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT'S NOTICE OF
REMOVAL

6.

defendant can establish the amount by the allegations in the complaint or by setting forth facts that the amount "more likely than not" exceeds $75,000. *Sanchez,* 102 F.3d at 404. The ultimate inquiry is the amount that is put "in controversy" by the plaintiff's complaint, and not how much, if anything, the defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). In determining the amount in controversy, the Court may consider damages awards in similar cases. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

21. Even without Plaintiff's specific claim for over $300,000.00 in damages, it can be reasonably ascertained from the pleadings that the amount in controversy greatly exceeds $75,000:

22. **Economic Damages:** First, Plaintiff alleges that she has suffered lost wages and other employment benefits. Compl. ¶¶ 23, 38, 53, 106 & Prayer for Relief ¶ 1.) Plaintiff alleges she was injured at work on or about January 14, 2019, and that she made $12.00/hour. Compl. ¶¶ 7-8. UPS records confirm that Plaintiff's last day worked was February 11, 2019, and as of that date, she earned a pay rate of $12.00 per hour. Hijar Decl. ¶ 5. Plaintiff was a part-time employee for UPS, and, as such, she worked approximately 20 hours per week on average. (*Id*.) Assuming that Plaintiff would have continued to work an average of 20 hours per week, and that this case goes to trial in June 2021 (one year from the date Plaintiff filed her Complaint) Plaintiff would be entitled to approximately **$29,040.00** ($12.00/hr. x 20 hours/week x 121 weeks) in back pay. This sum does not include the value of other employment benefits.

23. Plaintiff could also recover future lost wages and other benefits. Front pay awards in California often span several years. *See Smith v. Brown-Forman Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1989) (front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Indus*., 55 Cal. App. 3d 91, 97-100 (1976) (four years); *Drzewiecki v. H & R Block, Inc*., 24 Cal. App. 3d 695, 705 (1972) (ten years). Even conservatively estimating that Plaintiff seeks front pay damages for only two years, and would not have received a pay increase, the amount of future wages in

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT'S NOTICE OF REMOVAL

7.

controversy in this case would total at least an additional **$24,960.00** ($12.00/hr. x 20 hours/week x 104 weeks). Thus, it may reasonably be estimated that Plaintiff's claims involve possible back pay and front pay damages which alone total at least **$54,000.00**.

24. **Emotional Distress Damages:** Plaintiff is also seeking damages for "emotional distress and anguish, humiliation, anxiety, and medical expenses." Compl. ¶¶ 24, 65-66, 74. Plaintiff's claim for emotional distress damages further augments the amount in controversy. In *Kroske v. U.S. Bank Corp.,* 432 F.3d 976 (9th Cir. 2005), for instance, the Ninth Circuit found that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id.* at 980. *See also Velez v. Roche*, 335 F. Supp. 2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination and harassment cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence. . . that the plaintiff suffered heightened mental anguish").

25. Although UPS disputes that Plaintiff is entitled to any such award, plaintiffs in employment discrimination cases have been awarded substantial sums for emotional distress damages. *See, e.g., Flores v. Office Depot Inc.*, BC 556173, 2017 WL 773850 (Cal. Super. Feb. 6, 2017) (awarding $1.064 million in pain and suffering damages); *Gardenhire v. Hous. Auth. of Los Angeles*, 85 Cal. App. 4th 236, 240-241 (2002) (affirming judgment, including jury award of $1.3 million in emotional distress damages for wrongful termination in violation of public policy claim); *Nimmo v. Montage Hotels & Resorts, LLC*, No. 30-2009-00117583-CU-WT-CJC, 2012 Jury Verdicts LEXIS 2353 (Cal. Super. Ct. Feb. 16, 2012) (awarding $275,000 in emotional distress damages in disability discrimination/failure to accommodate case); *Martin v. Arrow Elecs.*, 2006 WL 2044626 (C.D. Cal. June 12, 2006) (awarding over one million dollars, including $300,000 for pain and suffering, for claims including disability discrimination and wrongful termination). Using *Kroske* as a conservative baseline, the

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT'S NOTICE OF REMOVAL

8.

emotional distress component of Plaintiff's claims could add at least **$25,000.00** to the amount in controversy, if not significantly more.

26.   **Punitive Damages.**   Plaintiff also seeks punitive damages. Compl. ¶¶ 30, 45, 60, 68, 77 & Prayer for Relief ¶ 4. This further adds to the amount in controversy in this case.   *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945-46 (9th Cir. 2001); *Davenport v. Mut. Ben. Health & Acc. Ass'n*, 325 F. 2d 785, 787 (9th Cir. 1963).   In *State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408, 425 (2003), the Supreme Court ruled that punitive damages of up to four times the amount of compensatory damages (a 4:1 ratio) is appropriate.   In particular, employment discrimination cases have the potential for large punitive damages awards.   *See Simmons v. PCR Tech.,* 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (highlighting jury verdicts with "substantial punitive damage awards" in employment discrimination cases.)   Applying a conservative 1:1 ratio of punitive damages to lost wages only, punitive damages would add an additional **$54,000.00** to the amount in controversy (*see* calculations, at paragraphs 23-24, *supra*).

27.   **Attorneys' Fees:** Plaintiff also seeks attorneys' fees in connection with her claims.   Compl. ¶¶ 31, 46, 61, 69, 78, 99, 101 & Prayer for Relief ¶ 5   It is well-settled that, when authorized by statute, attorneys' fees are to be included in the calculation of the amount of Plaintiff's claims for purposes of determining whether the requisite jurisdictional minimum is met. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Brady v. Mercedes-Benz USA, Inc.,* 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (in deciding amount in controversy issue, court may estimate amount of reasonable attorneys' fees likely to be recovered by plaintiff if she were to prevail).   In doing so, the Court must consider the aggregate value of claims for attorneys' fees, including future attorneys' fees. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys'

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

DEFENDANT'S NOTICE OF REMOVAL

9.

1  fees recoverable by statute or contract when assessing whether the amount-in-
2  controversy requirement is met."); *see also Kroske*, 432 F.3d at 980; *Galt G/S*, 142 F.3d
3  at 1155-56.  "Recent estimates for the number of hours expended through trial for
4  employment cases in [the Central District of California] have ranged from 100 to 300
5  hours.  Therefore, 100 hours is an appropriate and conservative estimate.  Accordingly,
6  attorneys' fees in [an employment discrimination case alleging wrongful termination]
7  may reasonably be expected to equal at least $30,000 (100 hours x $300 per hour)."
8  *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB (AJWx), 2015 WL
9  898468, at *6 (C.D. Cal. Mar. 3, 2015).  Thus, the attorneys' fees component of
10  Plaintiff's claims easily adds at least **$30,000.00** to the amount in controversy, if not
11  more.

12          28.    In sum, even putting aside Plaintiff's specific claim for more than
13  **$300,000.00** in damages, the amount in controversy totals at least **$163,000.00** and
14  therefore still easily exceeds the $75,000 jurisdictional threshold by a significant
15  margin, as set forth above.

16          30.    Thus, this Court has original jurisdiction over the claims asserted by
17  Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §
18  1332, which may be removed by Defendant to this Court pursuant to 28 U.S.C. §§ 1441
19  and 1446.

20  **VI.    NOTICE TO STATE COURT AND PARTIES**

21          31.    Contemporaneously with the filing of this Notice of Removal in the United
22  States District Court for the Central District of California, written notice of such filing
23  will be given by the undersigned to counsel for Plaintiff.  Davoudian Decl. ¶ 9.  In
24  addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior
25  Court of the State of California for the County of Riverside.  *Id*

26
27
28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT'S NOTICE OF
REMOVAL                              10.

1
2

Dated:   August 14, 2020

3
4
5
6
7

_____
SHIVA SHIRAZI DAVOUDIAN
ALEXANDRA BERNSTEIN
LITTLER MENDELSON, P.C.
Attorneys for Defendant
UNITED PARCEL SERVICE, INC.

8

4833-6957-7158.1 101661.1029

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT'S  NOTICE OF
REMOVAL

11.